UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                              Case No: 8:03-cr-304-KKM-MAP

RICHARD ERICK HANSEN, JR.,

    Defendant.
_____

## ORDER

    On March 10, 2004, Richard Erick Hansen, Jr., received a sentence of three hundred sixty months' imprisonment after he pleaded guilty to one count of conspiracy to manufacture 50 grams or more of methamphetamine and one count of attempting to possess anhydrous ammonia knowing and intending that it would be used to manufacture methamphetamine. Judgment (Doc. 32) at 1–2; *see* 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), 843(a)(6). Having served over ten years of that sentence, Hansen seeks compassionate release, Mot. for Compassionate Release (Mot.) (Doc. 63), and the government responds, Resp. (Doc. 70). I deny the motion without prejudice.

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Hansen argues that he qualifies for the exception to this general rule found in § 3582(c)(1). Mot. for Reduction of Sentence at 4–8. That provision allows a court to "reduce the term of imprisonment" upon motion of the defendant if certain conditions are met to show "extraordinary and compelling reasons" for a reduction in sentence. 18 U.S.C. § 3582(c)(1). To satisfy this exception, the defendant must exhaust his administrative rights to "appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or the defendant must request such from the warden and wait thirty days "from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A). A court must then find that "extraordinary and compelling reasons warrant such a reduction" based on the factors in 18 U.S.C. § 3353(a). *Id.* And finally, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *United States v. Handlon*, 97 F.4th 829, 831–32 (11th Cir. 2024) (per curiam); *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

Hansen has not shown that he has "fully exhausted [his] administrative rights." 18 U.S.C. § 3582(c)(1)(A). Hansen claims that he requested a reduced sentence "via electronic mail to Warden Gabby" and that he did not receive a

2

response within 30 days. Mot. at 2–3. The government responds, though, that there is no record of this request, and that the last communication from Hansen was in 2021. Resp. at 4. Aside from the government's contention, Hansen has provided no evidence establishing that he exhausted his administrative rights. *See United States v. Pertil*, No. 21-12652, 2022 WL 2866684, at *2 (11th Cir. July 21, 2022) (per curiam) (affirming lower court's denial of compassionate release motion because the defendant failed to provide any evidence that the BOP received the defendant's request for a reduced sentence); *see also United States v. Lee*, 848 F. App'x 872, 875 (11th Cir. 2021) (per curiam) (concluding that the lower court did not err in denying compassionate release motion because the defendant failed to properly exhaust her administrative remedies); *United States v. Harris*, 989 F.3d 908, 910–11 (11th Cir. 2021) (explaining that if a party raises the issue of exhaustion in compassionate release context, "a court must enforce the rule").

\* \* \*

Accordingly, Hansen's motion for a sentence reduction (Doc. 63) is **DENIED without prejudice.** Hansen may file an amended motion showing that his claim is properly exhausted.

**ORDERED** in Tampa, Florida, on June 12, 2025.

_____
Kathryn Kimball Mizelle
United States District Judge