UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA,

v.                                                    Case No: 8:03-cr-304-KKM-MAP

RICHARD ERICK HANSEN, JR.,

     Defendant.

_____

## ORDER

On March 8, 2004, Richard Erick Hansen, Jr., received a sentence of three hundred sixty months' imprisonment after he pleaded guilty to one count of conspiracy to manufacture 50 grams or more of methamphetamine and one count of attempting to possess anhydrous ammonia knowing and intending that it would be used to manufacture methamphetamine. Judgment (Doc. 32) at 1–2; *see* 21 U.S.C. §§ 841(b)(1)(A)(viii), 843(a)(6), 846. Having served over ten years of that sentence, Hansen files his third motion for compassionate release and requests a reduction of his sentence, Am. Mot. for Compassionate Release (Am. Mot.) (Doc. 73), and the government responds, Resp. (Doc. 77). I deny the motion.

## II.   LEGAL STANDARD

Subject to ordinary appellate and collateral review, sentences of imprisonment are generally final. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1) sets out one exception, commonly called "compassionate release." *United States v. Handlon*, 97 F.4th 829, 831–32 (11th Cir. 2024) (per curiam). For his compassionate-release motion to be considered on the merits, a prisoner must either exhaust his administrative remedies with the Bureau of Prisons, or else the prisoner's warden must fail to act on a request for compassionate release within thirty days of receipt. 18 U.S.C. § 3852(c)(1). That threshold requirement being met, a court may order compassionate release only if (1) "extraordinary and compelling reasons warrant" release, (2) the factors in 18 U.S.C. § 3553(a) support release, and (3) release is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *accord United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam). The applicable policy statement is U.S.S.G. § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252 (11th Cir. 2021). "Because all three conditions—*i.e.*, support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." *Handlon*, 97 F.4th at 832 (quoting *Tinker*, 14 F.4th at 1237–38).

2

## III.   ANALYSIS

To begin, though Hansen styles his motion as one "for Compassionate Release" *or* a "Reduction in Sentence," he does not argue for a sentence reduction on any basis apart from compassionate release. *See* Am. Mot. Thus, I only assess whether Hansen meets the requirements for compassionate release.

Previously, I denied Hansen's motion because he failed to show that he "fully exhausted [his] administrative rights." 18 U.S.C. § 3582(c)(1)(A); Order (Doc. 72). Both Hansen and the government agree that he has since exhausted. *See* Am. Mot. at 2; Resp. at 6.

Turning to the merits, Hansen points to two purported "extraordinary and compelling reasons" for ordering his early release—first, Hansen requires spine surgery, which he alleges prison health services "continues to delay or deny," Am. Mot. at 4, and second, "he has served more than twenty-one (21) years" of an "improperly enhanced" sentence, *id.* at 5–7. Hansen also contends that the § 3553(a) factors support compassionate release. *Id.* at 7–8.

Hansen has not shown an extraordinary and compelling reason for release under U.S.S.G. § 1B1.13(b). Starting with his health, it is true that § 1B1.13(b)(1)(C) identifies "suffering from a medical condition that requires long-term or specialized medical care" as a potential extraordinary and

3

compelling reason. But it adds that ailing health under this provision is an extraordinary and compelling reason only when the required care "is not being provided." *Id.* Hansen alleges that prison health services "continues to delay or deny" back surgery. Am. Mot. at 4. The government responds that the BOP medical staff has and will continue to treat Hansen's medical issues, including by facilitating surgery and rehabilitative care if necessary. *See* Resp. at 10–11. To that end, the government provides medical records and details the BOP's provision of treatment thus far, including facilitating multiple MRIs, referring Hansen to a neurosurgeon, and treating his disc infection with antibiotics. *Id.* at 8–9. The government alleges that medical providers discussed surgery with Hansen, but that his infection needed to be "fully treated" first. *Id.* at 10. BOP plans to facilitate surgery pending "the orthopedic surgeon's final recommendation" and Hansen's consent. *Id.* Accordingly, Hansen fails to demonstrate a failure to provide care warranting compassionate release.

The length of Hansen's sentence is also not a reason for release. The Sentencing Guidelines provision that Hansen cites provides that a court may consider "a change in the law" "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6); *see id.* § 1B1.13(c) (providing that a court may consider a change in the law for the purpose of determining whether an extraordinary

4

and compelling reason exists only under (b)(6)'s terms); *see also, e.g.*, *United States v. Smith*, No. 24-11460, 2025 WL 900016, at *2–3 (11th Cir. Mar. 24, 2025) (applying (b)(6)); *United States v. Ratliff*, No. 24-10752, 2024 WL 4371658, at *2–4 (11th Cir. Oct. 2, 2024) (same). It does not provide that serving ten years of an unusually long sentence is itself an extraordinary and compelling reason justifying release. Resp. at 11. Hansen asserts that there "is a gross disparity" between his sentence and "what [he] should have been sentenced to *or* could receive if he were sentenced today." Am. Mot. at 6 (emphasis added). As to the former, Hansen argues that the judge "improperly enhanced his offense level under the United States Sentencing Guidelines." *Id.* at 5. But as the government notes, a motion under § 3582(c)(1)(A) is not the proper vehicle for a collateral attack on a sentence. *See* Resp. at 11. As to the latter basis for release, Hansen does not identify any relevant change in the law. As a result, Hansen has not shown an extraordinary or compelling reason under (b)(6).

*   *   *

Accordingly, Hansen's amended motion for compassionate release or a reduction in sentence (Doc. 73) is **DENIED.**

**ORDERED** in Tampa, Florida, on March 12, 2026.

Kathryn Kimball Mizelle
United States District Judge